**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **WILLIAM CHRISTOPHER NICKELS,** *Plaintiff* | § § § § | |
| **v.** | § § | **Case No.  1:25-CV-01696-ADA** |
| **IN MY PARENTS BASEMENT, INC., ET AL.,** *Defendants* | § § § § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D. ALBRIGHT
       UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff William Christopher Nickels's application to proceed *in forma pauperis*. Dkt. 2. Because Nickels is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

## I.    REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Nickels's financial affidavit and determined Nickels is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Nickels's request for *in forma pauperis* status, Dkt. 2.  The

1

Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Nickels is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Nickels has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the

2

judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Nickels alleges that on February 4, 2024, he injured his left shoulder while working for Defendant In My Parents Basement, Inc. ("IMPB"). Dkt. 1, at 4.[1] Shortly thereafter, Nickels returned to light-duty work, but was required by IMPB's owner, Defendant Ryan Acuff, to work with a sling on his arm. *Id.* at 5. Nickels alleges that use of the sling increased his pain, and that when Acuff noticed that Nickels's performance was thereby impaired, Acuff "became angry and confrontational." *Id.* A few days later, Nickels notified Acuff that he could not come in to work for the day. *Id.* Acuff responded that "the insurer" had instructed Acuff to tell Nickels that "there is no light-duty work" and that Nickels could not return until he was "100% better." *Id.* Nickels alleges that light-duty work was available, and Acuff and IMPB's failure to allow Nickels to participate in light-duty work constituted failure to accommodate and retaliation in violation of Title I of the Americans with Disabilities Act ("ADA"). Nickels also alleges that IMPB terminated his employment on May 8, 2024. *Id.*

Next, Nickels sought worker's compensation. He alleges that Defendant Fire Insurance Exchange/Farmers Insurance ("Farmers") untimely denied his claim in violation of Texas Labor Code § 409.021(c).[2] *Id.* at 5. Nickels further alleges that "Defendants manipulated the claim process" through making their determination

---

[1] Nickels also states that he has post-traumatic stress disorder, generalized anxiety disorder, and asthma, but that Defendants "were not fully aware of these conditions until mid-2025." Dkt. 1, at 6.

[2] Nickels does not bring a cause of action against Farmers for any violation of the Texas Labor Code.

based on incomplete or altered information, though it is unclear whether Nickels levels this allegation against Farmers alone or against all Defendants. *Id.*

Nickels also states that he complained to Defendants Texas Department of Insurance, Division of Workers' Compensation ("TDI") and Office of Injured Employee Counsel ("OIEC") regarding "accommodations for participation in hearings and access to records" and "procedural violations," but the agencies "failed to provide effective accommodations or correct the procedural defects." *Id.* at 5-6. Nickels does not specify what accommodation or access was denied or when. *See id.* Nickels does state that he complained to TDI and OIEC regarding his claims against Farmers— that it issued a late denial of his claim and relied on "altered medical records"—and the agencies failed to act. *Id.* at 5. Based on these allegations, Nickels also sues TDI and OIEC officials.[3]

Finally, Nickels sues his former attorney, Aaron Allison, for "abandoning" Nickels and his case. *Id.* at 6. He sues IMPB's counsel, Jennifer Ward, and Farmers' counsel, Eugene Kraft, alleging generally that they were involved in earlier stages of Nickels's dispute. *Id.* (stating that Ward "was retained after Plaintiff's termination" and Kraft "actively coordinated positions and submissions with the carrier and employer").

---

[3] Nickels sues Commissioner of Insurance Cassie Brown. Dkt. 1, at 4. He also sues TDI officials Deputy Commissioner Dan Laburyere, Quality Assurance Manager Vikki Uptmore, and Legal Counsel Nicole Croslen. *Id.* He sues OIEC officials Ombudsman Nancy Alaquinez, Regional Manager Alejandra Hernandez, and Director of Field Operations David Daniel. *Id.* He states that OIEC "official" Dirk Johnson also failed to "correct the impairment of" Nickels's rights but did not name Johnson as a defendant. *Id.* at 6. Nickels sues each defendant in his or her official and individual capacity, except Brown, whom he sues in her official capacity only. *Id.* at 4.

Nickels sums up these facts as demonstrating that Defendants' actions and omissions caused him to be denied medical care and wage benefits. *Id.* He states that Defendants' actions, taken together, were "part of a pattern of conduct" aimed at "silencing" Nickels's accommodation requests, "maintaining fraudulent denials," and "avoiding accountability." *Id.*

Based on these facts, Nickels brings six causes of action, along with a demand for declaratory and injunctive relief. Specifically, Nickels alleges that IMPB and Acuff violated Title I of the Americans with Disabilities Act ("ADA"), that the state Defendants violated Title II of the ADA, and that Defendants generally violated Title V of the ADA. *See id.* Nickels also sues the state[4] Defendants via 42 U.S.C. § 1983 for alleged violations of the due process and equal protection clauses; Defendants IMPB, Acuff, Ward, Farmers, Kraft, Allison, and "various agency officials" under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and Defendants IMPB, Acuff, Ward, Farmers, Kraft, Allison, and the named state officials via 42 U.S.C. § 1985(3) for conspiring to deprive him of his constitutional rights. *Id.* at 7-11.

### A.    Some of Nickels's ADA Title II claims should be dismissed.

Nickels's individual-capacity ADA Title II claims against LaBruyere, Uptmore, Croslen, Daniel, Hernandez, and Alaquinez should be dismissed.[5] Title II of the ADA

---

[4] To the extent Nickels sues any private Defendant pursuant to 42 U.S.C. § 1983, *see* Dkt. 1, at 8-9, those claims should be dismissed because those Defendants are not state actors and Nickels has made no showing that they should be treated as such. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 421 (5th Cir. 2004).

[5] As noted, Nickels sues Brown in her official capacity only. Dkt. 1, at 4. While Johnson is not currently named as a defendant, any individual-capacity ADA Title II claims against him should be dismissed on the same basis as the defendant state officials.

provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Courts in this Circuit have held that individual defendants cannot be subject to liability under Title II because that provision contemplates discrimination by an "entity." *See Kerns v. Smith Cnty.*, No. 6:24-CV-00427-JCB-JDL, 2025 WL 2946094, at *9 (E.D. Tex. Mar. 25, 2025), *R. & R. adopted*, 2025 WL 2694846 (E.D. Tex. Sep. 22, 2025); *Pena v. Bexar Cnty.*, 726 F. Supp. 2d 675, 689-90 (W.D. Tex. 2010); *Molina v. Volunteers of Am.*, No. 3:17-CV-00882-L-BT, 2019 WL 4169051, at *2 (N.D. Tex. Aug. 16, 2019), *R. & R. adopted sub nom. Molina v. Volunteers of Am., Tex., Inc.*, 2019 WL 4166914 (N.D. Tex. Sep. 3, 2019). As LaBruyere, Uptmore, Croslen, Daniel, Hernandez, and Alaquinez are not entities subject to liability under Title II of the ADA, Nickels's individual-capacity claims against them under that statute should be dismissed. Nickels's claims against these Defendants in their *official* capacities, in addition to Nickels's ADA Title II claims against TDI and OIEC, should not be dismissed at this time.

**B.    Some of Nickels's ADA Title V claims should likewise be dismissed.**

Nickels's ADA Title V claims against Ward, Farmers, Kraft, and Allison should be dismissed for failure to state a claim against them. To state a retaliation claim under the ADA, Nickels must show (1) he engaged in a protected activity, (2) he suffered an adverse action, and (3) a causal link between the two. *Kerns*, 2025 WL 2946094, at *9; *see also Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 249 (5th Cir.

6

2025) (applying the retaliation test in the employment context). To establish a causal link between the protected conduct and the adverse action, a plaintiff must show that the defendant's decision was based at least in part on knowledge of the plaintiff's protected activity. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 305 (5th Cir. 2020).

Nickels fails to allege that any of these Defendants subjected him to any adverse action on account of his accommodation requests or complaints. Notwithstanding the fact that there are scant facts connecting any of these Defendants with any adverse action—as opposed to IMPB or the state agencies— there is no evidence that Farmers or Kraft knew about Nickels's alleged protected actions of requesting an accommodation or filing complaints. *See id.* And even if Ward and Allison knew about the protected action, there are no facts to suggest that Ward or Allison subjected Nickels to any adverse action. *See id.* As counsel for IMPB and Nickels, respectively, neither Ward nor Allison is alleged to have had decision-making power over Nickels's employment or benefits.[6]

Further, Nickels's individual-capacity ADA Title V claims against LaBruyere, Uptmore, Croslen, Daniel, Hernandez, and Alaquinez should be dismissed because individuals cannot be held liable under that provision. *Kerns*, 2025 WL 2946094, at *10.

### C.    Nickels's equal-protection claims should be dismissed.

Nickels's equal-protection claims, which he brings pursuant to 42 U.S.C. § 1983, should be dismissed as to all relevant Defendants. Nickels alleges that the

---

[6] Ward was "retained after Plaintiff's termination." Dkt. 1, at 6.

state Defendants deprived him of his equal-protection rights through "arbitrary and capricious actions, denial of access, failure to investigate, and failure to accommodate." Dkt. 1, at 9. The Equal Protection Clause directs that all similarly situated people should be treated alike. *Duarte v. City of Lewisville*, 858 F.3d 348, 353 (5th Cir. 2017). Therefore, to establish an equal-protection claim, Nickels "must show that two or more classifications of similarly situated persons were treated differently." *Id.* (internal quotation marks omitted); *see also Kerns*, 2025 WL 2946094, at *11. Nickels fails to allege that any similarly situated individuals were treated differently from him. *See* Dkt. 1. Accordingly, Nickels's equal-protection claims fail.

### D.    Nickels's RICO claim should be dismissed.

Nickels's RICO claim should be dismissed as to all Defendants. To state a § 1962(c) civil RICO claim, a plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern of racketeering activity. *Arruda v. Curves Int'l, Inc.*, No. 6:20-CV-00092-ADA, 2020 WL 4289380, at *3 (W.D. Tex. July 27, 2020), *aff'd*, 861 F. App'x 831 (5th Cir. 2021). An act of "racketeering activity," commonly referred to as a "predicate act," is defined to include criminal acts such as mail and wire fraud, which Nickels alleges here. *See* Dkt. 1, at 9; 18 U.S.C § 1961 (defining "racketeering activity"). To rise to the level of "racketeering activity" there must be "two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (internal quotation marks omitted).

8

When RICO claims are based on allegations of fraud, such as wire or mail fraud, they are subject to the Rule 9(b) heightened pleading burden. *Arruda*, 2020 WL 4289380, at *3. The Fifth Circuit has explained that "Rule 9(b) requires 'the who, what, when, where, and how' [of the alleged fraud] to be laid out." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citation omitted). Nickels's bare assertions that Defendants issued false notices, suppressed work status reports or accommodation requests, concealed statutory waiver, and "used" administrative inaction do not sufficiently explain the who, when, what, where, and how required to state a RICO claim. *See* Dkt. 1, at 4-6, 9. Therefore, Nickels's RICO claim should be dismissed.

### E.    Nickels's claims pursuant to 42 U.S.C. § 1985(3) should be dismissed.

Finally, Nickels's claims pursuant to 42 U.S.C. § 1985(3) should be dismissed as to all Defendants. Nickels alleges that Defendants' conspiracy was "motivated, at least in part, by class-based discriminatory animus against disabled individuals[.]" Dkt. 1, at 10. But the Fifth Circuit has held that "'the only conspiracies actionable under section 1985(3) are those motivated by racial animus.'" *Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) (quoting *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987)). Because Nickels alleges no racial animus on the part of any Defendant, his § 1985(3) claim fails.

After reviewing the complaint, the undersigned finds that the remainder of Nickels's suit should not be dismissed as frivolous at this time. For the sake of clarity,

if the District Judge adopts this recommendation, the claims that will remain in Nickels's suit are as follows:

1. Nickels's ADA Title I claim against IMPB and Acuff;

2. Nickels's official-capacity ADA Title II claim against Brown, LaBruyere, Uptmore, Croslen, Daniel, Hernandez, and Alaquinez, as well as his ADA Title II claim against TDI and OIEC;

3. Nickels's ADA Title V claim against IMPB, Acuff, TDI, OIEC, as well as his official-capacity ADA Title V claim against LaBruyere, Uptmore, Croslen, Daniel, Hernandez, and Alaquinez; and

4. Nickels's due-process claims against Brown, LaBruyere, Uptmore, Croslen, Daniel, Hernandez, Alaquinez, TDI, and OIEC.[7]

The Court again cautions Nickels that the Court may make a determination in the future that the action should be dismissed because the action is frivolous or malicious pursuant to 28 U.S.C. § 1915(e).

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Nickels's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Nickels's RICO, 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3) claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The undersigned **FURTHER RECOMMENDS** that the District Judge **DISMISS** Nickels's individual-capacity ADA Title II claims with prejudice against

---

[7] If the District Judge adopts this recommendation, no claims would remain against Ward, Farmers, Kraft, or Allison.

LaBruyere, Uptmore, Croslen, Daniel, Hernandez, and Alaquinez; Nickels's ADA Title V claims against Ward, Farmers, Kraft, and Allison; and Nickels's individual-capacity ADA Title V claims against LaBruyere, Uptmore, Croslen, Daniel, Hernandez, and Alaquinez.

The undersigned **FURTHER RECOMMENDS** that the District Judge order the Clerk of the Court to issue summons and the United States Marshal to commence service of process as to Nickels's remaining claims, including service of Nickels's complaint upon the named defendants under Rules 4 and 5 of the Federal Rules of Civil Procedure.

## IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED January 23, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE